UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

            **Plaintiff,**

**v.**                                                                           **Case No: 6:18-cr-131-CEM-LHP**

**DEEPAK DESHPANDE**

            **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's *pro se* Motion for Return of Property ("Motion," Doc 119), the United States' Response (Doc. 122), and Defendant's Reply (Doc. 128). This cause is also before the Court on Defendant's *pro se* Motion for Leave to Compel ("Motion to Compel," Doc. 127), the United States' Response (Doc. 130), and Defendant's Reply (Doc. 137). United States Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation ("R&R," Doc. 141), recommending that the Motion be denied and that the Motion to Compel be denied as moot. (*Id.* at 1, 9). Defendant filed Objections (Doc. Nos. 144, 148). For the reasons stated herein, the Court will adopt the recommendations in the R&R and deny the Motions.

## I. PROCEDURAL HISTORY

A grand jury charged Defendant with receipt of child pornography (Count One) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), production and attempted production of child pornography (Count Two) in violation of 18 U.S.C. § 2251(a) and (e), and two counts of actual and attempted sexual enticement of a minor (respectively Counts Three and Four) in violation of 18 U.S.C. § 2422(b) (Doc. 8). Pursuant to a Plea Agreement ("Plea Agreement," Doc. 38), Defendant entered a plea of guilty as to Counts Two and Three. (Doc. 64). Prior to sentencing, Defendant filed a Motion to Withdraw Plea. ("Motion to Withdraw," Doc. 75). The Court denied the Motion to Withdraw and sentenced Defendant to a 360-month term of imprisonment for Count Two and to a life sentence as to Count Three. (Doc. 91; Doc. 99 at 3–12). The Court dismissed Counts One and Four. (Doc. 91). Defendant appealed, and the Eleventh Circuit Court of Appeals affirmed the convictions and sentences. (Doc. 112). Defendant filed a petition for writ of certiorari that was denied. (Doc. 116).

Defendant as Petitioner next filed a Motion to Vacate (Civil Case No. 6:21-cv-671-CEM-LHP, Doc. 1)[1] pursuant to 28 U.S.C. § 2255 and a Memorandum of Law in Support of Motion to Vacate (Civil Case, Doc. 13). Respondent filed a

---

[1] Civil Case No. 6:21-cv-671-CEM-LHP will be referred to as the "Civil Case."

Response (Civil Case, Doc. 17) in opposition to the Motion to Vacate, to which Petitioner filed a Reply (Doc. 36). The Court issued an Order (Civil Case, Doc 46) denying the Motion to Vacate. It is worth noting that the legal arguments made in the Motion to Vacate were quite similar to the arguments made in the Motion to Withdraw. Both unsuccessfully sought to invalidate the Plea Agreement. Currently before the Court are Defendant's objections to the R&R, where Defendant again seeks to invalidate the Plea Agreement.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Crim. P. 59(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. The Plea Agreement

At every stage of the proceedings, Defendant has attacked the validity of the Plea Agreement. As the Magistrate Judge so aptly stated:

> Defendant's arguments challenging the enforceability and/or validity of his plea agreement are unavailing at this stage of the case. His conviction and sentence have been affirmed, and his guilty plea and plea agreement upheld. Doc. No. 112. His claims of inadequate notice are belied by the plain language of the plea agreement, and the fact that these forfeitures were addressed with Defendant directly at his change of plea and sentencing hearings. Doc. No. 38, at 10; Doc. No. 64, at 9; Doc. No. 86. Any other arguments Defendant raises appear to go towards challenges on his conviction and sentence, which have either been addressed by the Court of Appeals or are not appropriate considerations in the present motion. See Doc. No. 112. And because Defendant's motion for return of property has no legal basis and is due to be denied, the undersigned will further recommend that his motion to compel records relating to this property (Doc. No. 127) be denied as moot.

(Doc. 141 at 8–9). Prior to accepting Defendant's plea, the Court found that Defendant intelligently, freely, and voluntarily entered into the Plea Agreement. Defendant cannot prevail so long as that finding stands. It does.

## IV.    CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59, and considering Defendant's Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objections (Doc. Nos. 144, 148) are **OVERRULED**.

2. The Report and Recommendation (Doc. 141) is **ADOPTED** and made a part of this Order.

a.  Defendant's *pro se* Motion (Doc 119) is **DENIED**.

b.  Defendant's *pro se* Motion to Compel (Doc. 127) is **DENIED as**

**moot**.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party